UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

CINDY GREENE and : 
CHRISTOPHER GREENE, : 
          Plaintiffs, : 
   : 
     v. :   No. 5:20-cv-00822
   : 
SHELLPOINT MORTGAGE SERVICING, : 
          Defendant. :

---

---

CINDY GREENE and : 
CHRISTOPHER GREENE, : 
          Plaintiffs, : 
   : 
     v. :   No. 5:20-cv-01471
   : 
NEWREZ LLC, *d/b/a* : 
*SHELLPOINT MORTGAGE SERVICING*, : 
          Defendant. :

---

**O P I N I O N**
**Defendants' Motions to Dismiss- Granted**

**Joseph F. Leeson, Jr.**                                                                  **September 30, 2020**
**United States District Judge**

**I.**     **INTRODUCTION**

       In two separate actions, Plaintiffs Christopher and Cindy Greene complain that Shellpoint, the servicer of their mortgage loan, mismanaged their loan primarily as it relates to tax payments. Shellpoint has filed Motions to Dismiss both Complaints for failure to state a claim because, *inter alia*, the Greenes do not specifically allege the terms of a contract to which Shellpoint may be held liable. For the reasons set forth below, the Motions to Dismiss are

granted, but the Greenes are afforded leave to amend. Additionally, because the facts and claims underlying the cases are substantially the same, the two actions are consolidated.

## II.     BACKGROUND

Plaintiffs Christopher and Cindy Greene filed separate civil actions in the Court of Common Pleas of Northampton County, Pennsylvania, against Defendant Shellpoint Mortgage Servicing and Defendant NewRez LLC, which is wholly-owned by Shellpoint Partners LLC, (collectively "Shellpoint") seeking monetary and injunctive relief arising from alleged errors by Shellpoint in servicing the Greene's mortgage loan. Shellpoint removed the actions to this Court based on diversity jurisdiction and have moved to dismiss the Complaints for failure to state a claim. Because the parties and allegations in each action are substantially the same and involve common questions of law and fact, the Motions to Dismiss are considered together herein and the cases are consolidated for all future proceedings. *See* Fed. R. Civ. P. 42(a) (providing that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; [or] (2) consolidate the actions").

The allegations in the Complaints are difficult to comprehend, but this Court construes the Complaints as follows: The Greenes allege that Shellpoint has been servicing their residential mortgage loan for approximately two years. Prior to that, the Greenes' loan was a non-escrowed 30-year fixed rate loan, which switched hands several times. The Greenes allege that the loan has been mismanaged since the beginning of the Shellpoint relationship. In particular, there have been ongoing issues regarding tax payments, which the Greenes allege they made but for which Shellpoint never credited and, instead, charged late fees and reported defaults to credit agencies. The Greenes allege that Shellpoint's mismanagement has resulted in more the $50,000 of unnecessary charges, deficiencies, and the like.

In the Motions to Dismiss, Shellpoint asserts that it appears the Greenes are confusing the Wilson Area School District taxes with the Northampton County property taxes and that the Greenes may have made duplicative payments on taxes paid by Shellpoint.  Shellpoint asserts that a dispute over who is responsible for paying taxes does not state a claim for breach of contract.  Further, although Shellpoint does not dispute the existence of a mortgage contract, it argues that the Greenes failed to either attach a copy of the contract or plead its essential terms and, further, that as merely a servicer it is not a party to the mortgage contract.

In their briefs in opposition to the Motions to Dismiss, the Greenes provide additional details about specific payments and charges, and attach several exhibits.[1]  They complain that their requests for proof of payments have gone unanswered and that Shellpoint has reported clearly fraudulent charges.

### III.    STANDARD OF REVIEW

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted).  Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

[1] None of the attachments to the Greenes' briefs would change this Court's decision to grant the Motions to Dismiss.  They are advised, however, that "a court may not consider documents outside the pleadings when deciding a motion to dismiss." *Fallon v. Mercy Catholic Med. Ctr.*, 877 F.3d 487, 493 (3d Cir. 2017).

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

**IV.   ANALYSIS**

    **1.   The Greenes fail to state any plausible claim for relief.**

Mindful that the "obligation to liberally construe a pro se litigant's pleadings is well-established," *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), this Court has considered all possible claims that could be implicated here, not only a breach of contract claim. For the reasons that follow, the Greenes have failed to state any claim for relief.

"Under the Pennsylvania law applied in this diversity suit, a claim for breach of contract has three elements: '(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages.'" *Electra Realty Co. v. Kaplan Higher Educ. Corp.*, No. 19-3070, 2020 U.S. App. LEXIS 27472, at *4 (3d Cir. Aug. 28, 2020) (quoting *Kaymark v. Bank of Am.*, 783 F.3d 168, 182 (3d Cir. 2015); *Omicron Sys., Inc. v. Weiner*, 860 A.2d 554, 564 (Pa. Super. Ct. 2004)). "Courts applying Pennsylvania law consistently hold that third-party mortgage servicers cannot be sued for breach of contract based on the contract or note between the mortgagee and mortgagor." *Focht v. Seterus, Inc.*, No. 3:18-cv-151, 2018 U.S. Dist. LEXIS 158775, at *9 (W.D. Pa. Sep. 18, 2018). Here, the Greenes fail to allege any contract beyond the mortgage itself and therefore fail to state a claim against

Shellpoint, the mortgage servicer who was not a party to the contract, for breach of contract.  *See Owens v. Seterus, Inc.*, No. 18-3383, 2019 U.S. Dist. LEXIS 231998, at *4-5 (E.D. Pa. Feb. 26, 2019) (dismissing the breach of contract claim because the plaintiff failed to attach the alleged mortgage loan contract to the complaint or to plead its essential terms to show that the defendant breached any duty imposed by the contract or that the plaintiff suffered damages from any such breach).

Next, a claim for breach of fiduciary duty does not apply to loan servicers because they do not owe borrowers any specific fiduciary duties based upon their servicer/borrower relationship.  *See Binder v. Weststar Mortg., Inc.*, No. 14-7073, 2016 U.S. Dist. LEXIS 90620, at *65-66 (E.D. Pa. July 13, 2016).  *But see Morgan v. Bank of Am., N.A.*, No. 18-3671, 2019 U.S. Dist. LEXIS 48886, at *10-11 (E.D. Pa. Mar. 25, 2019) ("There are exceptions to the general rule that lenders are not fiduciaries, such as when a lender gets involved in the borrower's day-to-day management and operations or had the ability to compel the borrower to engage in unusual transactions.").  The Greenes have not alleged that any of the exceptions noted in *Morgan* apply here; therefore, they fail to state a claim for breach of fiduciary duty.

"In Pennsylvania, 'the doctrine of unjust enrichment is inapplicable when the relationship between parties is founded upon a written agreement or express contract.'"  *Morgan*, 2019 U.S. Dist. LEXIS 48886, at *10-11 (quoting *Wilson Area Sch. Dist. v. Skepton*, 895 A.2d 1250, 1254 (Pa. 2006)).  A valid written mortgage contract would make unjust enrichment unavailable as a remedy.  *See Morgan*, 2019 U.S. Dist. LEXIS 48886, at *11.  Accordingly, this claim is unavailable to the Greenes.

Under the Fair Debt Collection Practices Act ("FDCPA"), a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  *See Dawson v.*

*Dovenmuehle Mortg., Inc.*, No. 00-6171, 2002 U.S. Dist. LEXIS 5688, at *14-15 (E.D. Pa. Mar. 28, 2002).  However, the FDCPA applies only to "debt collectors," and a loan servicer is someone who services but does not own the debt and therefore is not a "debt collector" so long as the servicer begins servicing of the loan before default.  *See id.*  The Greens do not allege that their loan was in default when Shellpoint began servicing, such that an FDCPA claim has not been pled.

"Under Pennsylvania law, to establish a claim of fraudulent misrepresentation, plaintiffs must establish by clear and convincing evidence: (1) a false representation of an existing fact or a non-privileged failure to disclose; (2) materiality, unless the misrepresentation is intentional or involves a non-privileged failure to disclose; (3) scienter, which may be either actual knowledge or reckless indifference to the truth; (4) justifiable reliance on the misrepresentation, so that the exercise of common prudence or diligence could not have ascertained the truth; and (5) damages as a proximate result."  *Dawson*, 2002 U.S. Dist. LEXIS 5688, at *20.  The Greenes do not allege facts that would show materiality or justifiable reliance, and therefore fail to state a claim.

Consequently, the Motions to Dismiss are granted and the Complaints are dismissed.

**B.     The Greenes are granted leave to file an amended complaint.**

The Greenes are granted leave to file an amended complaint to attempt to cure the deficiencies discussed herein.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002) (holding that in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment, a court should grant a plaintiff leave to amend a deficient complaint after a defendant moves to dismiss it).  If they choose to do so, they are advised that any "amended complaint must be complete in all respects."  *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  It must be a new pleading which stands by itself without reference to the original

complaint.  *Id.*  The amended complaint "may not contain conclusory allegations[; r]ather, it must establish the existence of specific actions by the defendants which have resulted in constitutional deprivations."  *Id.* (citing *Rizzo v. Goode*, 423 U.S. 362 (1976)).  "The amended complaint must also be 'simple, concise, and direct' as required by the Federal Rules of Civil Procedure."  *Id.* (citing Fed. R. Civ. P. 8(e)(1)).

**V.    CONCLUSION**

The Greenes have failed to state a claim against Shellpoint for any conduct arising from its servicing of the mortgage loan.  The Motions to Dismiss are therefore granted and the Complaints are dismissed.  In light of their pro se status, however, the Greenes are granted leave to amend.  Due to the common questions of law and fact in the two actions, they are consolidated for all future purposes.  Therefore, if the Greenes choose to amend, they must file a single amended complaint alleging all claims against all parties.

A separate order follows.

                                                                BY THE COURT:


                                                                */s/ Joseph F. Leeson, Jr.*_____
                                                                JOSEPH F. LEESON, JR.
                                                                United States District Judge